In re Vernon THOMPSON.

No. 01–01–00644–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 30, 2003.

Vernon Thompson, Law Office of Vernon Thompson, Houston, for Appellant.

Calvin Hartmann, Asst. Dist. Atty., Charles A. Rosenthal, Jr., Dist. Atty.-Harris County, Houston, for Appellee.

Panel consists of Chief Justice RADACK, and Justices NUCHIA and HANKS.

## ORDER OF CONTEMPT AND WRIT OF COMMITMENT

PER CURIAM.

We abated this appeal more than one year ago on December 20, 2001, for an indigency hearing because neither the reporter's record nor briefs had been filed. The court reporter had also notified this Court that appellant had not made arrangements to pay for the reporter's record. The hearing was conducted on February 13, 2002. Appellant appeared in court with his retained counsel, Vernon Thompson, and stated that he wished to pursue the appeal. Thompson stated that he was prepared to proceed with the appeal. No claim of indigency was made.

We reinstated the appeal on February 21, 2002, and ordered the reporter's record due on March 25, 2002. We further ordered that, unless the record was filed on or before that date, or unless by that date appellant provided this Court with proof that the court reporter had been paid, the appeal would be considered without a reporter's record. We also ordered appellant's brief due on April 24, 2002. We received no response.

On June 13, 2002, we ordered that this appeal would be considered only on those issues or points not requiring a reporter's record for a decision. *See* Tex.R.App. P. 37.3(c). We further ordered Vernon Thompson to deliver to the Clerk of this Court for filing a brief in cause No. 01–01–00644–CR no later than 5:00 p.m. on August 5, 2002. We further ordered that if the said Vernon Thompson did not deliver appellant's brief to the Clerk of the First Court of Appeals on or before August 5, 2002 at 5:00 p.m., then Vernon Thompson was ordered to personally deliver to the Clerk of this Court a sworn affidavit and, if necessary, the affidavits of other persons, no later than 5:00 p.m. on August 5, 2002. The affidavit(s) were to state facts denying or excusing Vernon Thompson from being held in contempt of court for failing to file appellant's brief on or before

August 5, 2002 at 5:00 p.m., if there were any such facts.

We further ordered that our June 13, 2002 order be personally served on Vernon Thompson. However, the order was not personally served on Thompson.

Therefore, on September 19, 2002, we ordered Vernon Thompson to deliver to the Clerk of this Court for filing a brief in cause No. 01–01–00644–CR no later than 5:00 p.m. on November 15, 2002. We further ordered that if the said Vernon Thompson did not deliver appellant's brief to the Clerk of the First Court of Appeals on or before November 15, 2002 at 5:00 p.m., then Vernon Thompson was ordered to personally deliver to the Clerk of this Court a sworn affidavit and, if necessary, the affidavits of other persons, no later than 5:00 p.m. on November 15, 2002. The affidavit(s) were to state facts denying or excusing Vernon Thompson from being held in contempt of court for failing to file appellant's brief on or before November 15, 2002 at 5:00 p.m., if there were any such facts.

We further ordered that our September 19, 2002 order be personally served on Vernon Thompson. However, the order was not personally served on Thompson.

Therefore, on December 16, 2002, we ordered Vernon Thompson to deliver to the Clerk of this Court for filing a brief in cause No. 01–01–00644–CR no later than 5:00 p.m. on January 21, 2003. We further ordered that if the said Vernon Thompson did not deliver appellant's brief to the Clerk of the First Court of Appeals on or before January 21, 2003 at 5:00 p.m., then Vernon Thompson was ordered to personally deliver to the Clerk of this Court a sworn affidavit and, if necessary, the affidavits of other persons, no later than 5:00 p.m. on January 21, 2003. The affidavit(s) were to state facts denying or excusing Vernon Thompson from being held in con-

tempt of court for failing to file appellant's brief on or before January 21, 2003 at 5:00 p.m., if there were any such facts.

We further ordered that our December 16, 2002 order be personally served on Vernon Thompson. The December 16, 2002 order was personally served on Vernon Thompson on December 20, 2002. Nevertheless, Vernon Thompson has not filed appellant's brief, and has not filed either his affidavit or the affidavits of others setting out facts denying or excusing the contempt.

We find that the said Vernon Thompson, has failed to comply with the **ORDER TO FILE BRIEF OR TO SHOW CAUSE** dated December 16, 2002. The Court specifically finds that Vernon Thompson is in contempt for violating this Court's order of December 16, 2002.

**NOW, THEREFORE IT IS ORDERED, ADJUDGED AND DECREED** by the Court of Appeals, First District of Texas, that the same Vernon Thompson, shall be fined in the amount of $500 payable to the Clerk of the Court of Appeals, First District of Texas, on or before 3:00 p.m. on February 6, 2003, **and** that punishment be assessed at confinement in the Harris County jail until such time as he has filed a brief on appellant's behalf in cause number 01–01–00644–CR, styled *James Darrell Duvall v. State,* as certified to by the Clerk of the First Court of Appeals.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that if the said Vernon Thompson fails to pay the $500 fine ordered by the Court in this cause to the Clerk of the Court of Appeals, First District of Texas, on or before 3:00 p.m. on February 6, 2003, then the said Vernon Thompson shall be taken into the custody of the Harris County Sheriff until he has paid the $500 fine, or until he has

been confined in the Harris County jail for a sufficient length of time to discharge the full amount of the $500 fine at the daily rate allowed for prisoners serving misdemeanor sentences.

**IT IS ORDERED** that all writs and other process necessary for the enforcement of this judgment be issued.

**IT IS FURTHER ORDERED** that this Order of Contempt and Writ of Commitment be personally served on Vernon Thompson.

**IT IS FURTHER ORDERED** that the Clerk of this Court mail a copy of this Order of Contempt and Writ of Commitment to the State Bar of Texas Grievance Committee, 1111 Fannin, Houston, Texas, 77002.

**IT IS SO ORDERED.**